IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFERY TODD HENSON, SR., <br>     Plaintiff, <br><br> v. <br><br> LYNN A. ESPEJO, <br>     Defendant. | Case No. 3:25-cv-03192-JEH-RLH |

**Order**

Now before the Court is Plaintiff Jeffery Todd Henson, Sr.'s Amended Complaint (D. 12).[1]  For the reasons set forth *infra*, the Plaintiff's claims for intentional infliction of emotional distress (IIED) and abuse of process are again dismissed for failure to state a claim as is his ostensible additional claim for malicious prosecution.

**I**

Plaintiff Henson, a former federal inmate who provides professional advocacy for federal inmates and their families, alleges that Defendant Lynn A. Espejo, also a former federal inmate, engaged in conduct to damage Henson's reputation when she made false statements in an unsolicited Amicus Curiae Brief filed in Henson's criminal case and published social media posts accusing Henson of lying, making false promises, and continuing to exploit others despite having a "second chance."  Pl.'s Am. Compl. (D. 12 at ECF p. 3).  On September 2, 2025, the Court entered an Order (D. 11) granting in part and denying in part Defendant Espejo's Rule 12(b)(6) Motion to Dismiss (D. 4).  The Court denied the motion as

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

to the Plaintiff's defamation claim and granted the motion as to the Plaintiff's claims for tortious interference with business expectancy, IIED, and abuse of process. The Court granted the Plaintiff leave to amend his complaint within 14 days if he believed he could state additional claims in accordance with the September 2nd Order. On September 15, 2025, the Plaintiff filed his Amended Complaint in which he included the same four Illinois state law claims as before: Count I for defamation; Count II for tortious interference with business expectancy; Count III for IIED; and Count IV for abuse of process/malicious use of process.[2] He also included all the same originally attached exhibits.

## II

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). The Court finds it appropriate to screen the Plaintiff's Amended Complaint given that it imposed upon the Plaintiff a requirement that he amend only if he could do so in accordance with the Court's September 2nd Order. Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . .". *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A court shall dismiss at any time an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint

---

[2] The Plaintiff tacked "malicious use of process" onto his abuse of process claim in his Amended Complaint. *See* Pl.'s Am. Compl. (D. 12 at ECF p. 7).

must include "a short and plain statement of the claim showing that the pleader is entitled to relief". A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Because the Court previously determined the Plaintiff sufficiently stated a claim for defamation against Defendant Espejo, the Court does not address that claim herein.

**A**

To state a claim for tortious interference with business expectancy, a plaintiff must allege: 1) a reasonable expectation of entering into a valid business relationship; 2) the defendant's knowledge of the plaintiff's expectancy; 3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and 4) damages to the plaintiff resulting from such interference. *Botvinick v. Rush Univ. Med. Ctr.*, 574 F.3d 414, 417 (7th Cir. 2009) (quoting *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991)). Previously, the Court found the Plaintiff's allegation of hope or an opportunity of a future business relationship was insufficient to plausibly allege a reasonable expectation as required to state a claim. Now, the Plaintiff alleges that he provides professional advocacy for federal inmates and families, maintaining an ongoing client base of 100-150 individuals, that several clients terminated or refused services due to fears created by the Defendant's accusations, and that he, among other things, suffered loss of business income and a diminished client base. The Plaintiff further alleges that after the Defendant's defamatory campaign and the FBI investigation it triggered, multiple clients withdrew or refused services.

Though a close call, the Court now finds that the Plaintiff sufficiently states a claim for tortious interference with business expectancy. His allegations as to the number of clients he maintains and the withdrawal or refusal by multiple clients of his services after Espejo published her statements tip the scale in favor of a stated claim. *See Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398, 410 (N.D. Ill. 2001) (finding sufficient a complaint that alleged, among other things, the plaintiff had ongoing relationships with customers and prospective customers that resulted from substantial investments of time, energy, and resources where "[a]ll that is necessary is that [a] plaintiff allege a reasonable expectancy to enter into future business relations[]") (quoting *Gorgonz Grp., Inc. v. Marmon Holdings, Inc.*, No. 00 C 2992, 2001 WL 103406, at *2 (N.D. Ill. Jan. 30, 2001)).

**B**

The Plaintiff again fails to state a claim for IIED. The Court explained in its September 2nd Order that the Plaintiff's allegations were simply an insufficient recitation of an element of his claim, and the Defendant's Facebook post and Amicus Curiae Brief filing in Henson's criminal case was not conduct that was extreme and outrageous, particularly under the particular facts of this case. *See Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017) (citing *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003)) (stating a necessary element of an IIED claim is that the defendant's conduct was truly extreme and outrageous). Now, the Plaintiff alleges much the same facts as before: the Defendant's filing of an unsolicited Amicus Curiae Brief; the Defendant accusing the Plaintiff of being a "scammer"; the Defendant publishing defamatory social media posts accusing the Plaintiff of lying to inmate families and making false promises; and the Defendant acting intentionally or with reckless disregard of the likelihood of causing the Plaintiff severe emotional harm.

For the reasons set forth in the Court's September 2nd Order, the Plaintiff's IIED claim is dismissed. Namely, the conduct alleged does not qualify as outrageous because "the nature of [Defendant Espejo's] conduct [is not] so extreme as to go beyond all possible bounds of decency and [cannot] be regarded as intolerable in a civilized society." *Gross v. Chapman*, 475 F. Supp. 3d 858, 863-64 (N.D. Ill. 2020) (quoting *Feltmeier*, 798 N.E.2d at 80-81).

### C

The Plaintiff again also fails to state a claim for abuse of process. Previously, the Court found the Plaintiff failed to allege the second element of his abuse of process claim – some act in the use of legal process not proper in the regular prosecution of the proceedings. *See Pace v. Timmermann's Ranch and Saddle Shop Inc.*, 795 F.3d 748, 757 (7th Cir. 2015) (citing *Kumar v. Bornstein*, 820 N.E.2d 1167, 1173 (Ill. App. Ct. 2004)) (setting forth the two elements that must be pled for an abuse of process claim). Here, again, he pins his claim on Defendant Espejo's filing of her Amicus Curiae Brief in his criminal case.

In re-alleging the claim in essentially the same way, the Plaintiff fails to recognize the fatal flaw with his claim. In the context of abuse of process, "'process' is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants." *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 747 (N.D. Ill. 2012) (citing *Com. Bank, N.A. v. Plotkin*, 627 N.E.2d 746, 748-49 (Ill. App. Ct. 1994)). The Amicus Brief Defendant Espejo filed in the *Henson* criminal case was not a document or statement the Court issued under its official seal. Moreover, the Court struck the Brief from the record. *See United States v. Henson*, No. 2:20-cr-20049-JEH-EIL-1 (C.D. Ill.). Because the tort of abuse of process is not favored under Illinois law and the tort's elements are strictly construed, the Court is precluded from finding the Plaintiff's allegations state a claim.

To the extent the Plaintiff now includes "malicious use of process", the Court construes that as his attempt to include a claim for malicious prosecution. Abuse of process and malicious prosecution are separate torts, each with specific elements that must be met and which are not the same between the two torts. *Reed v. Dr.'s Assocs., Inc.*, 824 N.E.2d 1198, 1204, 1206 (Ill. App. Ct. 2005). The Plaintiff alleges that the Defendant's "false allegations" as set forth in her Amicus Brief, "were later republished by the U.S. Attorney's Office and weaponized against Plaintiff in supervised release litigation." Pl.'s Am. Compl. (D. 12 at ECF p. 7). The Plaintiff further alleges that an FBI investigation was triggered by Defendant Espejo's misuse of process. *Id.* at ECF p. 8.

A malicious prosecution claim is comprised of the following elements: 1) the institution and prosecution of judicial proceedings by the defendant; 2) a lack of probable cause for those proceedings; 3) malice in instituting the proceedings; 4) a termination of the prior cause in the plaintiff's favor; and 5) suffering by the plaintiff of damage or injury from the prior proceeding. *Reed*, 824 N.E.2d at 1205. The Plaintiff's claim fails with the first element as Defendant Espejo did not institute or prosecute judicial proceedings. "[A] proceeding is considered 'commenced' by a private citizen when the 'prosecution is based upon the false information.'" *Lindsey v. Orlando*, 232 F. Supp. 3d 1027, 1032 (N.D. Ill. 2017) (quoting *Randall v. Lemke*, 726 N.E.2d 183, 186 (Ill. App. Ct. 2000)). In filing a *response* to *Henson's* motion to modify conditions of supervised release in his criminal case, the United States did not institute judicial proceedings. To the extent the Plaintiff now alleges a malicious prosecution claim, it is dismissed for failure to state a claim.

In light of the Plaintiff's renewed attempt to re-plead his claims for IIED and abuse of process, and the fact that they fail for the same reasons as previously, the Court finds it appropriate to dismiss those claims with prejudice. *Compare Donald*

*v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (stating "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim[]"). Same too as to his malicious prosecution claim where no matter how Henson alleges such a claim, Defendant Espejo's Amicus Curiae Brief was not followed by the commencement of a prosecution against Henson. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("Indeed the court should grant leave to amend after dismissal of the *first* complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis added).

### III

For the reasons set forth *supra*, Counts III (IIED) and IV (abuse of process) of Plaintiff Jeffery Todd Henson, Sr.'s Amended Complaint (D. 12) along with his ostensible claim for malicious prosecution are DISMISSED WITH PREJUDICE for failure to state a claim. The Plaintiff's case will proceed on Count I (defamation) and Count II (tortious interference with business expectancy). Defendant Lynn A. Espejo must file her answer to the Plaintiff's Amended Complaint within 14 days of the date of this Order. This matter is referred to the Magistrate Judge for a Rule 16 scheduling conference.

*It is so ordered.*

Entered on September 19, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE