IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFERY TODD HENSON, SR., <br>     Plaintiff, <br><br> v. <br><br> LYNN A. ESPEJO, <br>     Defendant. | Case No. 3:25-cv-03192-JEH-RLH |

**Order**

Now before the Court are Plaintiff Jeffery Todd Henson, Sr.'s Motion for Clerk's Entry of Default (D. 14), Defendant Lynn A. Espejo's combined Response to the Plaintiff's Amended Complaint and Rule 12(b)(6) Motion to Dismiss (D. 15), and the Plaintiff's combined Response in Opposition to Defendant's "Response to Amended Complaint and Rule 12(b)(6) Motion to Dismiss," and Motion to Strike (D. 16).[1] For the reasons set forth *infra*, the Plaintiff's Motion for Clerk's Entry of Default is DENIED, the Defendant's Rule 12(b)(6) Motion to Dismiss is DENIED, and the Plaintiff's Motion to Strike is DENIED.

**I**

After the Plaintiff filed his Amended Complaint (D. 12), as he was granted leave to do, the Court screened the Amended Complaint and found that the Plaintiff failed to state claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for intentional infliction of emotional distress, abuse of process, and ostensibly for malicious prosecution. *See* 9/19/2025 Order (D. 13). Those claims were dismissed with prejudice. The Court left undisturbed its September 2, 2025 finding that the

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Plaintiff sufficiently stated a claim for defamation against Defendant Espejo and newly found that the Plaintiff stated a claim for tortious interference with business expectancy. The Court directed the Defendant to file her answer within 14 days of September 19, 2025. On October 4, 2025, Plaintiff Henson filed his Motion for entry of default. On October 6, 2025, the Defendant filed her combined Response to the Amended Complaint and Motion to Dismiss. Later that same day, the Plaintiff filed his combined Response in Opposition and Motion to Strike.

II

In support of his Motion for entry of default, the Plaintiff argues despite the Court granting the Defendant leave to do so, she has not registered for or used the Court's electronic filing system, the Defendant emailed the Plaintiff an unsigned copy of her combined Response and Motion to Dismiss in violation of Federal Rule of Civil Procedure 11(a), and the prison mailbox rule does not apply to excuse the Defendant's untimely filing. The Motion for entry of default is nevertheless denied.

First, it is true the Court – twice – granted Defendant Espejo leave to file electronically in this case. Though it appears she has still not successfully registered for electronic filing, the granted permission to file electronically does not mean the Defendant is *required* to do so. To the extent the Defendant requested such permission, the Court expects she will promptly complete the registration process. The Defendant is warned that the Court will not continue to be sympathetic to the Defendant's delay in completing registration where there are plenty of resources she may avail herself of to complete that registration and where she requested leave to file in and access this case electronically.

Next, it is of no moment that the emailed copy of the Defendant's combined Response and Motion to Dismiss did not contain her signature for the following reason. Federal Rule of Civil Procedure 6(d) states: "When a party may or must

act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." The Court's September 19th Order setting the Defendant's answer deadline necessarily had to be mailed by the Clerk to the Defendant given her incomplete electronic filing registration. Thus, pursuant to Rule 6(d), the Defendant's answer was not due until October 6, 2025 (October 3rd plus three days). As her signed combined Response and Motion to Dismiss was filed that day, the Defendant did not untimely file. The Plaintiff is not entitled to default.

### III

In screening the Plaintiff's Amended Complaint, as it explained in the September 19th Order, the Court applied the Rule 12(b)(6) standard. *See* 9/19/2025 Order (D. 13 at ECF p. 2) (stating the Rule 12(b)(6) standard applies when determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). After doing so, the Court explained, "Though a close call, the Court now finds that the Plaintiff sufficiently states a claim for tortious interference with business expectancy." *Id*. at ECF p. 4. Earlier, in its September 2, 2025 Order, the Court explained, "Construing the *pro se* Complaint liberally and accepting the Plaintiff's allegations as true at this stage, the Court finds Plaintiff Henson has sufficiently alleged a claim for defamation." 9/2/2025 Order (D. 11 at ECF p. 6). The Defendant nevertheless now argues the Plaintiff has failed to state claims for tortious interference with business expectancy and defamation. Specifically, in her Motion to Dismiss, Defendant Espejo argues the Plaintiff has still not sufficiently demonstrated the requisite elements for tortious interference with business expectancy and his defamation claim fails because of the fair report privilege.

With regard to the Plaintiff's claim for tortious interference with business expectancy, the Defendant contends the Plaintiff relies on "merely encrypted

3

private messages" seen only by him and whomever he was speaking to, and the Plaintiff is "*most likely* prevented from" having the business he alleges given that he is not a licensed attorney. Def.'s Mot. to Dismiss (D. 15 at ECF p. 2) (emphasis in original). Those contentions do not undermine the Court's finding that the Plaintiff's "allegations as to the number of clients he maintains and the withdrawal or refusal by multiple clients of his services after Espejo published her statements tip the scale in favor of a stated claim." 9/19/2025 Order (D. 13 at ECF p. 4). Espejo's contention that the Plaintiff has still not demonstrated anything beyond "a mere hope or opportunity of a future business relationship", is directly against the Court's September 19th finding. The Plaintiff does not rest his tortious interference claim on "encrypted private messages". *See* Pl.'s Am. Compl. (D. 12 at ECF pp. 2, 3 ¶¶7, 10) (alleging the Defendant filed an unsolicited Amicus Curiae Brief in the Plaintiff's criminal case and published social media posts accusing the Plaintiff of various things including lying to inmate families and making false promises). The Defendant also rehashes her suggestion, albeit more robustly now, that the Plaintiff engaged in the unauthorized practice of law. That suggestion was not determinative for purposes of the first motion to dismiss and is not determinative for purposes of the instant Motion to Dismiss. Notably, the Defendant's argument in this regard is better suited for summary judgment, after a fulsome development of the record. Similarly, the Defendant's argument that she "was never purposefully interfering to prevent the Plaintiff from engaging in a 'valid business relationship'" "ignore[s] the meaning of notice pleading as encompassed by Rule 8 of the Federal Rules of Civil Procedure." Def.'s Mot. to Dismiss (D. 15 at ECF p. 4); *Vanguard Fin. Serv. Corp. v. R W Pro. Leasing Servs. Corp.*, No. 98 C 1741, 1998 WL 774984, at *3 (N.D. Ill. Oct. 27, 1998) (going on to state that since the parties each alleged enough to put the other on notice, the allegations in the plaintiff's complaint and in the defendant's counterclaim were

sufficient to survive a motion to dismiss). A motion to dismiss is not the place for arguments intended to defeat a claim that the defendant argues does not exist in the first place.

As for the Plaintiff's defamation claim, the Defendant launches into arguments that are once again ill suited for the motion to dismiss stage. For example, the Defendant argues the Plaintiff has no "proof" and has not submitted any reason why he would think Espejo's reports provoked the FBI's investigation. Whether a plaintiff has sufficient proof to ultimately *prevail* on his claims is typically answered at the summary judgment stage, after discovery has occurred. Defendant Espejo also makes arguments as to what she does and does not do when it comes to her as an advocate for criminal justice system-impacted people and their families. Such an argument does not go to the sufficiency of the Plaintiff's factual allegations, let alone to his factual allegations specific to his defamation claim. The Court, at the motion to dismiss stage, is concerned only with whether a complaint provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Defendant now attempts to defeat the Plaintiff's defamation claim by arguing application of the fair report privilege. "[U]nder Illinois law, statements of official proceedings that are 'complete and accurate or a fair abridgement' are protected by the fair report privilege and thus cannot support a defamation . . . claim." *Mogan v. Portfolio Media, Inc.*, 143 F.4th 790, 792 (7th Cir. 2025) (quoting *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 843 (Ill. 2006)). To the extent Espejo seeks protection via the privilege for her Amicus Curiae Brief filed in Henson's criminal case, that was not a statement of an official proceeding but was, instead, her own statements (and what others said to her) as to Henson's actions and representations outside of court proceedings. To the extent Espejo seeks protection for her Facebook comments, she allegedly made much more than a

mere report of any official action or proceeding involving Plaintiff Henson. The Court has already determined that the Plaintiff has sufficiently alleged a claim for defamation based upon the Defendant's statements appearing in those two places. The privilege does not apply here.

## IV

In the Plaintiff's Response in Opposition to the Defendant's combined Response and Motion to Dismiss, the Plaintiff does nothing more than underscore the allegations he set forth in his Amended Complaint, allegations which the Court has already found sufficient to state claims for defamation and tortious interference with business expectancy. He also repeats his arguments regarding the Defendant's "late" filing of her combined Response and Motion to Dismiss. Thus, the Court need not address these arguments. *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."). Other points he makes, such as his role as a "non-legal consult[ant]", are better suited for a later stage of this case. Pl.'s Resp. (D. 16 at ECF p. 8). As for his new arguments pertaining to his allegations of tortious interference, the fair report privilege, privacy, and law of the case, the Court has considered them in reaching its conclusions above.

The Plaintiff's request for the Court to strike certain portions of the Defendant's combined Response and Motion to Dismiss is denied. Federal Rule of Civil Procedure 12(f) states in relevant part, "The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). The language to which Henson objects – "illegal business" – did not appear in a pleading, and so the Court will not strike that language.

## V

For the reasons set forth *supra*, Plaintiff Jeffery Todd Henson, Sr.'s Motion for Clerk's Entry of Default (D. 14) is DENIED, Defendant Lynn A. Espejo's combined Response to the Plaintiff's Amended Complaint and Rule 12(b)(6) Motion to Dismiss (D. 15) is DENIED, and the Plaintiff's combined Response in Opposition to Defendant's "Response to Amended Complaint and Rule 12(b)(6) Motion to Dismiss," and Motion to Strike (D. 16) is DENIED. Defendant Espejo must file her answer to Plaintiff Henson's Amended Complaint (D. 12) within 14 days of the date of this Order. Her answer must comply with Federal Rule of Civil Procedure 8. The Defendant is reminded that the Plaintiff's case is proceeding only on Count I (defamation) and Count II (tortious interference with business expectancy). This case remains set for a Rule 16 scheduling conference on October 31, 2025 at 11:00 a.m. via telephone before Magistrate Judge Ronald L. Hanna. The Clerk is directed to mail a copy of this Order to Defendant Espejo.

*It is so ordered.*

Entered on October 14, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE