# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JEFFERY TODD HENSON, SR.,

   *Plaintiff,*

v.

LYNN A. ESPEJO,

   *Defendant.*

Case No. 3:25-cv-03192-JEH-RLH

### ORDER & OPINION

This is a defamation case. The controversy began in January 2025 when Lynn Espejo filed an amicus brief on the docket of Jeffrey Henson's criminal case. *United States v. Henson*, No. 2:20-cr-20049, Dkt. No. 208. The brief accused Henson of, among other things, misleading federal inmates into believing that Henson—who is not a licensed attorney but who offers "professional advocacy" services—could secure the inmates' release. *See id.* at 2–3. Espejo's brief was promptly stricken from the criminal docket, and Henson filed this civil action against her six months later.

The twenty documents filed in this case amount to the following. Henson's original complaint stated four claims: defamation, tortious interference with business expectancy, IIED, and abuse of process. (*See* Doc. 1.) Espejo responded with a motion to dismiss, (Doc. 4), which the Court granted as to all Henson's claims except defamation, (Doc. 11 at 11.) Henson amended his complaint and repleaded all four claims. (*See* Doc. 12.) The Court, on its own accord, screened Henson's amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed his IIED and abuse of

process claims with prejudice. (Doc. 13 at 7.) Henson moved to enter Espejo's default, (Doc. 14), and two days later Espejo again moved to dismiss, (Doc. 15). The Court denied both motions. (Doc. 18.) Espejo then filed an answer, which pleaded seven affirmative defenses. (Doc. 19 at 7–9.)

Henson now moves to strike four of Espejo's affirmative defenses. For the reasons explained below, Henson's Motion to Strike, (Doc. 20), is GRANTED in part and DENIED in part.

## LEGAL STANDARD

The "manner and details of pleading are governed by the Federal Rules of Civil Procedure"—including those that apply to affirmative defenses. 5 Wright & Miller's Federal Practice & Procedure § 1204 (4th ed. 2025); *see also Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d. 800, 802 (N.D. Ill. 2000). An affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case." *Tober v. Graco Child.'s Prods., Inc.*, 431 F.3d 572, 579 n.9 (7th Cir. 2005) (emphasis omitted). To assert such a defense, a party must include a "short and plain statement" of the defense that is "concise and direct." Fed. R. Civ. P. 8(b), (d). In addition, the party must provide enough facts to ensure adverse parties have "notice of the specific defense or defenses" asserted. *EBC Asset Inv., Inc. v. Sullivan Auctioneers, LLC*, No. 13-1378, 2014 WL 903955, at *5 (C.D. Ill. Mar. 7, 2014). Thus, "boilerplate defenses" or "mere placeholders without any apparent factual basis" are insufficient. *Dorsey v. Ghosh*, No. 13-cv-05747, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015).

Federal Rule of Civil Procedure 12(f) allows courts to police these requirements by striking "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter" from the pleadings. Although motions to strike are generally disfavored because they tend to consume judicial resources, they may expedite the case by removing unnecessary clutter. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## DISCUSSION

Henson argues that four of Espejo's seven affirmative defenses are improperly pleaded. As to Espejo's fourth and fifth affirmative defenses, the Court agrees. So they will be stricken. But as to her first and sixth affirmative defenses, the Court disagrees. So they will remain intact.

***Unclean Hands.*** Espejo's first affirmative defense—styled "Unclean Hands"—asserts that Henson cannot recover damages because they resulted from "his unauthorized practice of law." (Doc. 19 at 7–8.) Henson suggests that this defense is improper because "[t]he equitable doctrine of unclean hands applies only to equitable relief, not to legal tort actions seeking damages." (Doc. 20.) For this proposition, Henson cites "*FDIC v. Cordero-Hernandez*, 202 F.3d 1, 5 (1st Cir. 2000)." But that case does not exist.[1] In any event, Henson is correct; under Illinois law, "the unclean hands doctrine bars only equitable remedies and does not affect legal rights." *Zahl v. Krupa*, 850 N.E.2d 304, 310 (Ill. App. Ct. 2006) (reversing trial court's finding that plaintiffs' damages claims were barred by the unclean hands doctrine).

Yet Henson ignores the fact that his amended complaint seeks both $750,000 in damages *and* a "permanent injunction prohibiting [Espejo] from making further

---

[1] Indeed, the first page of Volume 202 of the Third Series of the Federal Reporter is *United States v. Woodrum*, 202 F.3d 1 (1st Cir. 2000), which involves the Fourth Amendment and is inapposite here.

3

defamatory statements about plaintiff." (Doc. 12 at 8.) An injunction, of course, is a form of equitable relief, so the unclean hands doctrine may apply. *Cf. Zahl*, 850 N.E.2d at 310 (providing "specific performance" as an example of the kind of relief to which the unclean hands doctrine would apply). Accordingly, the Court will not strike Espejo's first affirmative defense.

*Standing.* Henson next takes issue with Espejo's fourth affirmative defense, which is styled, "No Standing." (Doc. 19 at 8.) Henson argues that "'[s]tanding' is a jurisdictional concept, not an affirmative defense, and it was resolved when this Court accepted the Amended Complaint and allowed the case to proceed." (Doc. 20 at 3.) True, standing is a jurisdictional concept: federal courts cannot adjudicate disputes brought by plaintiffs who lack a concrete and personal stake in the litigation that is traceable to the defendant's conduct and redressable by a favorable judgment. *See TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021). But Henson's suggestion that this Court has resolved its jurisdiction by "allowing the case to proceed" is misguided—the issue has never been raised. And even if it had, a plaintiff in federal court must maintain their stake in the controversy *throughout* the litigation; not just when the complaint is filed. If they do not, the case may become moot. *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of Milwaukee*, 708 F.3d 921 (7th Cir. 2013) (explaining that "[s]tanding is evaluated at the time is filed suit," while mootness refers to cases "[w]hen a party with standing at the inception of the litigation loses it due to intervening events").

Nor is it at all clear whether jurisdictional challenges are per se inappropriate to raise in an answer rather than in a Rule 12(b) motion. *Cf. Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1060 (N.D. Ill. 2013) (addressing the defendant's challenge to the court's personal jurisdiction, even though it was pleaded as an affirmative defense).

All that said, Espejo's affirmative defense does not substantiate Henson's lack of standing with facts. It therefore fails to "appris[e]" the parties and the "Court of the predicate for the claimed defense." *State Farm Mut. Auto Ins. Co. v. Riley*, 119 F.R.D. 276, 279 (N.D. Ill. 2001). If Espejo wants to challenge Henson's standing, she should so with citations to relevant legal authority, supporting facts, and on the proper motion. Accordingly, the Court strikes Espejo's fourth affirmative defense without prejudice.

***Criminal Record.*** Next, Henson objects to Espejo's fifth affirmative defense, which asserts that Henson "has a storied criminal record of fraud and deceit . . . and has suffered no damages as a result of the alleged defamatory conduct." (Doc. 20 at 8.) This is improper. Again, an affirmative defense an assertion that the defendant is not liable "*even if* the plaintiff establishes a prima facie case." *Tober*, 431 F.3d at 579 n.9 (emphasis added). This defense—styled, "No Damages"—simply refutes an element of Henson's prima facie case. *See Goral v. Kulys*, 12 N.E.3d 64, 76 (Ill. App. Ct. 2014) (explaining that the elements for defamation under Illinois law are (1) a false statement, (2) published to a third party, (3) that "caused damages"). Of course, Espejo will be entitled to dispute the existence and amount of Henson's damages. But

5

an affirmative defense is not the way to do it. Accordingly, the Court strikes Espejo's fifth affirmative defense with prejudice.

***Illegality.*** The final affirmative defense that Henson challenges is entitled, "Illegality of Conduct and Contract." (Doc. 19 at 8–9.) It contends that Henson's claims arise out of his unauthorized practice of law and that awarding him damages would violate public policy. (*See* Doc. 19 at 8–9.) Henson retorts that this is duplicative of Espejo's first affirmative defense (unclean hands) and thus improper.

In the Court's October 14, 2025, Order, it addressed Espejo's argument that Henson's recovery is barred because his claims arise out of his unauthorized practice of law. (*See* Doc. 18 at 4.) The Court found that, although it did not warrant dismissal, the argument "is better suited for summary judgment, after a fulsome development of the record." (Doc. 18 at 4.) Just as a motion to dismiss would be an improper vehicle to resolve Espejo's argument, so too would a motion to strike. And in any case, Espejo's illegality argument is not *patently* invalid as a matter of law. *See Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 893 N.E.2d 981, 993 (Ill App. Ct. 2008) (explaining that the first element of a tortious interference claim is a "reasonable expectancy of entering into a *valid* business relationship" (emphasis added)). Because Henson is on notice of the grounds for this defense, *see EBC Asset Inv.*, 2014 WL 903955, at *5, it satisfies Rule 8. Accordingly, the Court will not strike Espejo's sixth affirmative defense.

## CONCLUSION

IT IS THEREFORE ORDERED that Henson's Motion to Strike, (Doc. 20), is GRANTED as to Espejo's fourth and fifth affirmative defense, but DENIED as to Espejo's first and sixth affirmative defense.

*So ordered.*

Entered this 12th day of November 2025 .

s/ Ronald L. Hanna  
Ronald L. Hanna  
United States Magistrate Judge